COUNTY OF SANTA BARBARA, a political subdivision of the State of California, et al., Appellants,

v.

Robert J. MALLEY, Los Angeles District Engineer, Corps of Engineers, et al., Appellees.

No. 25049.

United States Court of Appeals, Ninth Circuit.

April 21, 1970.

A. L. Wirin (argued), Fred Okrand, Los Angeles, Cal., George P. Kading, Stanley T. Tomlinson, Marvin Levine, Santa Barbara, Cal., Bruce A. Bevan, Jr. (argued), Los Angeles, Cal., for appellants.

Edmund Clark (argued), Washington, D.C., Philip K. Verleger (argued), Allyn Kreps (argued), Los Angeles, Cal., O'Melveny & Myers, Theodore Robinson, Lawler, Felix & Hall, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., Ball, Hunt, Hart & Brown, Long Beach Cal., Musick, Peeler & Garrett, R. W. Curtis, Nossaman, Waters, Scott, Krueger & Riordan, Miles W. Newby, Jr., Los Angeles, Cal., Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, Shiro Kashiwa, Asst. Atty. Gen., Washington, D.C., Wallace E. Sedgwick, of Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., Wm. Mathew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellees.

Before HAMLEY and BROWNING, Circuit Judges, and SMITH, District Judge.*

HAMLEY, Circuit Judge:

As in the related *Hickel* cases, 426 F.2d 164, (9th Cir. 1970) in which an opinion has been filed today, this case is an aftermath of the January, 1969 oil-well blowout under Union Oil Company's Platform A in the Santa Barbara Channel.

In the posture of the case as it reaches this court, the ultimate relief sought by plaintiffs is much more limited than that which they originally asked for in their complaint. They now seek a mandatory injunction pertaining only to the duties of Robert J. Malley, Los Angeles District Engineer, Corps of Engineers (District Engineer), in acting upon applications for permits to construct new facilities on the Outer Continental Shelf. As to these applications plaintiffs now seek a mandatory injunction requiring the District Engineer to grant them a public hearing before acting thereon. Such hearings would be limited, however, to the effect of the facilities upon navigation and national security.[1]

On October 3, 1969, when plaintiffs began this action, they moved for a preliminary injunction restraining the District Engineer from granting any such application during the course of this litigation without first according plaintiffs a hearing of the kind described above. Judging by statements made by them in their briefs on appeal, the irreparable damage plaintiffs claim they will sustain if a preliminary injunction is not granted is the loss of their right to hearings on any Outer-Continental-Shelf applications the District Engineer may grant during the pendency of the litigation.

The district court denied the motion for a preliminary injunction. It did so on the following grounds: (1) plaintiffs did not show a strong likelihood that they would ultimately prevail on the merits—*i. e.*, that they were entitled to public hearings under the applicable statutes and regulations, and the Constitution; (2) plaintiffs failed to show any substantial injury to any of their interests due to the denial of such hearings; and (3) the non-Government defendants demonstrated a great likelihood of substantial and immediate injury in the event preliminary injunctive relief was granted. Plaintiffs took this appeal from the order denying a preliminary injunction.

As we said in our opinion filed today in the *Hickel* cases, the granting or withholding of a preliminary injunction rests in the sound discretion of the district court, reviewable only for abuse of discretion. Plaintiffs agree that one of the criteria to be applied in passing upon an application for a preliminary injunction is whether plaintiffs have shown a strong likelihood that they will ultimately prevail on the merits. But plaintiffs deny that they have failed in this regard. They argue that they have made the requisite showing because, under the established facts and law, they are entitled as of right to an agency hearing before the District Engineer grants new applications for oil facilities on the Outer Continental Shelf in the Santa Barbara Channel.

We agree with the district court that plaintiffs did not show a strong likelihood that they would ultimately prevail on the merits of their right-to-a-hearing claim.

Plaintiffs do not assert that any statute contains express language granting them such a right. They argue, however, that the applicable regulations of the Corps of Engineers, Department of the Army, particularly 33 C.F.R. § 209.-

---

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

1. Plaintiffs are now content to have all considerations other than navigation and national security explored in proceedings before the Secretary of the Interior and his agents, a matter dealt with in the *Hickel* cases.

120(g), require the District Engineer to grant them a *hearing before acting upon* applications of the kind in question.

We need not decide whether those regulations, as they existed when the motion for a preliminary injunction was denied in December, 1969, entitled plaintiffs to a hearing. Since at this point plaintiffs seek hearings only as to applications not yet acted upon, the right thereto is now governed by revised regulations which became effective on January 3, 1970.

Section 209.120(g) relates specifically to public hearings. As paragraph (g) of section 209.120 existed in December, 1969, it consisted of subparagraphs (1) and (2), pertaining to public hearings in general. As amended effective January 3, 1970, 35 Fed.Reg. 79, 80 (1970), minor changes were made in subparagraphs (1) and (2), part of subparagraph (2) was renumbered (4) and a new subparagraph (3) was added. New subparagraph (3) deals expressly with hearings concerning navigation and national security in connection with applications for permits authorizing structures on oil leases on the Outer Continental Shelf.[2]

In our opinion, subparagraph (3) of the revised regulation, quoted in the margin, states an exception to the general public hearing requirements set out in subparagraphs (1) and (2). Whatever the provisions of subparagraphs (1) and (2) may provide with regard to hearings in general, subparagraph (3) is controlling insofar as hearings pertaining to the Outer Continental Shelf are concerned. Under that subparagraph public hearings will not normally be held in connection with applications of the kind here in issue. They will be held "only when in the District Engineer's judgment opponents have a reasonable complaint based on interference with navigation or on adverse effects on national security." 35 Fed.Reg. at 80.

■ We therefore conclude that plaintiffs are not likely to prevail on the merits in this lawsuit, insofar as they rely upon the administrative regulations as the basis for their asserted right to hearings.

As they did in the district court, plaintiffs also argue on this appeal that the Due Process Clause of the Fifth Amendment guarantees them a public hearing with regard to applications for future permits to construct facilities on mineral leases located on the Outer Continental Shelf.

■■ Since such hearings would be concerned only with navigation and national security, would pertain to the use of lands controlled by the United States

2. 33 C.F.R. § 209.120(g) (1), (2) and (3), as revised in January, 1970, read:

"(g) *Public hearing.* (1) It is the policy of the Chief of Engineers to conduct his civil works program in an atmosphere of public understanding, trust, and mutual cooperation, and in a manner responsive to public needs and desires. To this end, public hearings are helpful and will be held whenever there appears to be sufficient public interest to justify such action. In case of doubt, a public hearing should be held.

"(2) Among the instances warranting public hearings are general public opposition to issuance of a permit for work in navigable waters of the United States. District Engineers will notify the Division Engineers of the need for a hearing, state the proposed arrangements and obtain his concurrence. Public hearings will be held in connection with applications for permits in navigable waters of the United States when Congressional interests or responsible local authorities make an official and valid request therefor and such action will fulfill the above stated policy and objectives.

"(3) Since the Corps of Engineers considers only the effect on navigation and national security, public hearings will not normally be held in connection with applications for permits for artificial islands or fixed structures on Outer Continental Shelf lands under mineral lease from the Department of the Interior which has responsibility for other aspects of the public interest. Public hearings will be held by the Corps of Engineers only when in the District Engineer's judgment opponents have a reasonable complaint based on interference with navigation or on adverse effects on national security." 35 Fed.Reg. 79, 80 (1970).

174

under lease to others,[3] and would not purport to adjudicate the property rights of any of the plaintiffs, we think there is little likelihood that plaintiffs can establish a constitutional right to them. If they mean to assert that the applicable statutes are unconstitutional because they do not expressly provide for hearings as a matter of right, they must, since they seek an injunction, take that question to a three-judge court convened under 28 U.S.C. §§ 2282 and 2284.

For the reasons stated above it is our opinion that the district court did not abuse its discretion in denying the motion for a preliminary injunction.

Affirmed.

---

3. See Alabama v. Texas, 347 U.S. 272, 273, 74 S.Ct. 481, 98 L.Ed. 689 (1954); United States v. California, 332 U.S. 19, 27, 67 S.Ct. 1658, 91 L.Ed. 1889 (1947); United States v. San Francisco, 310 U.S. 16, 29–30, 60 S.Ct. 749, 84 L.Ed. 1050 (1940).